IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CURTIS WILLIAMSON, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-25-324 |
| WARDEN WILLIAM BAILEY, *et al.*, | * | |
| Defendants. | * | |

## <u>MEMORANDUM</u>

Self-represented plaintiff and state prisoner Curtis Williamson alleges that he was transferred to Eastern Correctional Institution ("ECI"), where he cannot be properly housed because of his physical and mental disabilities. ECF 1. He filed this civil rights action pursuant to 42 U.S.C. § 1983 against Warden William Bailey, Assistant Warden Brittingham, Security Chief Mitchell, and Commissioner Phillip Morgan. As relief, he sought "a restraining order [to] be placed on ECI" and a "transfer[] to any other facility that can house me immediately for my protection and sanity." *Id.* He also filed a motion for leave to proceed in forma pauperis, ECF 2, which is granted. On March 15, 2025, the defendants opposed Williamson's request for injunctive relief. ECF 15. Williamson filed a reply. ECF 17, 19, and 20. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, Williamson's complaint is dismissed.

## I.    Background

Williamson states that he suffers from monoplegia and other medical conditions. ECF 1, at 2–3. He was transferred to ECI on October 25, 2023. *Id.* He states that ECI is not ADA accessible and does not have any accessible cells or showers and that on February 22, 2024, he fell in the shower. *Id*. He was transferred out of ECI on June 4, 2024 but was returned about three months later on September 13, 2024. *Id*. at 3.

Williamson states that since his return to ECI, he has experienced harassment, retaliation, and discrimination, including through confinement in a medical observation cell for about three motions. *Id*. He states that he signed a release of responsibility on January 13, 2025 so that he could transfer back to general population the following day. *Id*. Three days later, he fell in his cell and was taken to "a sensory deprivation cell used to temporarily house inmates who attempt suicide [and] inmates with behavioral issues due to intoxication." *Id*. Williamson complains that the cell was not appropriate housing for him. He says that the cell was continually lit, was cold, and provided no privacy. *Id.* at 4. He also claims he was denied showers, out-of-cell activity, phone calls, and hot water. *Id*.

On July 16, 2025, Williamson notified the Court that he was transferred to Maryland Correctional Training Center ("MCTC"). ECF 20. He asked the Court to resolve his complaint notwithstanding the transfer because "E.C.I., i.e., Warden Bailey, Assist. Warden Brittingham, etc. use transfers as a method of retaliation and harassment." *Id.* at 1. Williamson noted that he was transferred six times among four different prisons during a three-month period. *Id.* at 2.

## II.    Analysis

A federal district court does not hear all matters and has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see* Fed. R. Civ. P. 12(h)(3) (stating that if at any time a court determines that it does not have subject matter jurisdiction, "the court must dismiss the action"). Williamson, as the party filing suit in this Court, bears the burden of establishing the Court's subject matter jurisdiction. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *see Hertz*, 599 U.S. at 96. This Court must construe liberally complaints filed by self-represented plaintiffs. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Article III of the Constitution limits the judicial power of the federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. To sustain a federal court's jurisdiction, an " 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)). "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," the case becomes moot, and "therefore no longer a 'Case' or 'Controversy' for purposes of Article III." *Id.* at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)); *see Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (noting a claim is moot "[w]hen a . . . controversy ceases to exist—either due to a change in the facts or the law").

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *see Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding that transfer moots § 1983 claim for injunctive relief). "Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007).

Williamson's request for injunctive relief is moot because any injunctive relief ordered in his favor "would have no practical impact on [his] rights and would not redress in any way the injury he originally asserted." *Id.* In his complaint, he asked the Court to transfer him from ECI, and after he filed his complaint, he was transferred from ECI to MCTC, where he has lived for ten months. Because Williamson is no longer detained at ECI, the Court cannot provide the injunctive relief Williamson sought in his complaint.

3

If Williamson could demonstrate that his detention at ECI under unlawful conditions was "capable of repetition, yet evading review," his claim would not be moot. *Incumaa*, 507 F.3d at 289 (quoting *Fed. Election Comm'n v. Wis. Right to Life*, *Inc.*, 551 U.S. 449, 462 (2007)). Such a showing requires a "'demonstrated probability'" that the allegedly improper action "will recur again, and to the same complainant." *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 478, 483 (1982) (per curiam)). Williamson has not alleged a "demonstrated probability" that he will be detained at ECI again. Ten months have passed since he was transferred from ECI to MCTC, and Williamson has not notified the Court that he has been transferred from MCTC. Williamson expresses concern that he could be transferred back to ECI and that the harassment, retaliation, and unacceptable living conditions would continue. But the sheer possibility that Williamson may return to ECI is too speculative to show the challenged action is capable of repetition yet evading review. *See Los Angeles v. Lyons,* 461 U.S. 95, 105–08 (1983) (holding that Lyons did not have standing to seek an injunction prohibiting the Los Angeles Police Department from using chokeholds because he could not establish that he would be subjected to a chokehold in the future); *O'Shea v. Littleton,* 414 U.S. 488, 497 (1974) (holding that no case or controversy existed to issue injunction about the enforcement of criminal laws because the Court assumed that "[plaintiffs] will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed by petitioners").

Williamson's complaint is dismissed without prejudice.

A separate order follows.

May 6, 2026
Date

_____
Deborah L. Boardman
United States District Judge

4